Smith, J.
In this case a demurrer to the petition has been filed.
The caption of the petition is as stated above, and the averments of the petition are substantially these: That' in September, 1900, Orin Oady obtained a judgment against the Hygeia Medical College before Esquire Kushman, a justice of the peace of Cincinnati township, for $377, and in due time an appeal bond was given in the magistrate’s court with George C. Kolb as surety in double the amount of the judgment, which was approved by the said magistrate, and in due time the case was taken to the court of common pleas on appeal, and upon a motion before Judge Spiegel, one of the judges of said court, additional security was prayed for by said Cady. Thereupon the testimony of said Kolb, the surety on said appeal bond, was given in open court, said surety testifying under oath that he was worth $4,500 over and above his liabilities, in proof of which he offered the deeds of five parcels of real estate in this county, and which deeds had been duly recorded; that surety further testifying that in addition he owed real estate in this county which was worth more than the amount of said appeal bond, and that all of said property was owned by him in fee simple.
That thereupon the court, without hearing further testimony, refused to accept or approve the said appeal bond,or to accept or approve the said Kolb as said surety, all of which has resulted in great injury to the relator. ■
The relator further says that said surety, Kolb, is a bona fide resident of Hamilton county, Ohio, and is the owner in fee simple of real estate in said county of the value of $4,500 over and above all incumbrances thereon, and said George O. Kolb was worth over all his indebtedness the sum of $4,500.
Wherefore the relator prays that a writ of mandamus issue, requiring the defendant to show cause why he should not be compelled to accept Kolb as a good and sufficient surety.
The claim of the counsel for the defendant demurring to the petition is, first, that the relator has no right to bring this action as he has done, he not being a party to the other action, and having no legal interest therein.
*599 It will be noticed that the action below was agaihst the College, a corporation, if we are at liberty to look to the caption of the petition in this case, where only that averment is made, and that the relator is a trustee of such College, There is no averment that, as such trustee, he had any interest in the litigation between Cady and the College, the only defendant, or that he was in any way a party thereto, and we are not able to see any reason why he should interfere with any order or judgment of the court made therein, or seek to require the court, in this case, to take some action as to a matter in which he has no interest whatever. That such an interest is necessary in a case like this, see High on Extraordinary Remedies, section 33: “To warrant a recovery in any action, the petition must show a cause of action in the plaintiff’’ (36 Ohio St., 68). On this ground the demurrer should be sustained.
But there are other reasons which lead to the same conclusion. It appears from the allegations of the petition, that on the rendition of the judgment by the justice of the peace against the College, Kolb became surety on the appeal bond, and that during the pendency of the appeal in the court of common pleas, and (presumably) under the provisions of section 6595, Revised Statutes, the plaintiff filed a motion in said court for additional security on the appeal bond on the ground, doubtless, that the surety on the undertaking was insufficient, though this does not appear from the petition, It was heard on the motion, the evidence of the surety being taken in open court before Judge Spiegel. Kolb testified that he was worth $4,500 over and above his liabilities, and offered five deeds for parcels of real estate in this county, duly recorded (but there is nothing averred to show the nature or character of such deeds), and further testified that he had other real estate in the county worth more than the amount of the appeal bond, and that all of his property was owned by him in fee simple. The petition then states that the court, without further testimony, refused to accept or approve the said appeal bond, or to accept or approve Kolb as said surety
Section 4953, Revised Statutes,provides for the qualifications of sureties on bonds of this character as follows: “Sureties must be residents of this state, and worth in the aggregate double the sum to be secured beyond the amount of *600 their debts, and have property liable to execution in this state equal to the sum to be secured.”
John O. Rogers, for the Relator.
' Daniel Wright, for Judge Spiegel.
So far as appears there was no evidence whatever presented to the court that the surety, Kolb, was a resident of this state, It may have been admitted that he was not. If he was not,, he should not. have been received and the court was fully justified in holding that the bond given was insufficient. It is true that the petition in this case alleged that Kolb was then (at the time it was filed) a resident of Hamilton county; but he may have become such after the hearing before the court. If the foundation claim of the relator is, as it seems to be from all the allegations of the petition, that the court was wrong in refusing at that hearing „to hold the original bond sufficient, it is enough to say that the evidence offered, according to the allegations made, did not show that Kolb was a qualified surety under section 4953.
But there is another reason why the petition does not make a good cause of action. The court was called upon to exercise a judicial discretion as to whether the appeal bond and the surety was sufficient or not, and having heard testimony and exercised his judicial discretion,it can not be interfered with by a writ of mandamus. (Section 6742). If he erred, his order might be reversed by proceedings in error.
It was claimed by counsel for the relator, that in fact the action of the court complained of is that after holding the first bond insufficient,the, court then refused to accept Kolb as surety. We think this does not appear from the petition.
It is said by counsel, and not disputed, that after hearing evidence on the motion to require the College to give additional security, the court granted the motion and required this to be done in five days, and that he then asked the court to accept Kolb as surety, But if he did, he should have tendered the bond to the clerk, and made proper proof to him if required. But if it was proper at all to apply to the court to receive it, the new bond should have been tendered and proof offered to the court as to its sufficiency. It is conceded that this was not done, and we see no ground upon which this proceeding can be maintained, and the writ will be refused at the costs of the relator.